IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
APR 1 8 2017
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

| | |
|---|---|
| JAVIER VASQUEZ and SERENA RIDINO, Individually and On Behalf of All Other Similarly Situated Individuals,<br>    Plaintiffs,<br><br>v.<br><br>GOOD FEET WORLDWIDE, LLC, and SUPPORTS FOR SOLE, INC.,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§ CIVIL ACTION NO. SA17CA0343DAE<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiffs, on behalf of themselves and all other similarly situated individuals, by and through their undersigned counsel, file this Collective Action Complaint and aver as follows:

## NATURE OF ACTION

1. This is a Collective Action Complaint brought by Plaintiffs Javier Vasquez ("Plaintiff Vasquez") and Serena Ridino ("Plaintiff Ridino"), on behalf of themselves, and all others similarly situated, to recover overtime compensation from their employers/former employers Good Feet Worldwide, LLC ("Good Feet"), and Supports for Sole, Inc. ("Supports for Sole") (collectively "Defendants").

2. Defendants employ "Sales Consultants" ("SCs") and "Sales Managers" ("SMs") to interact with customers, promote the sale of its products, and run the day-to-day operations of their retail stores throughout the United States, and classify them as "exempt" employees, paying them a weekly rate. Defendants deduct pay from the weekly rate if the employee misses a day of work. SCs and SMs routinely work more than forty (40) hours in a workweek but are not paid an overtime premium for any of their overtime hours.

1

3. The Fair Labor Standards Act ("FLSA") requires employers to pay employees one-and-one-half times the regular rate of pay for all hours worked over forty in a workweek. Employees who are paid a salary and meet certain other criteria are exempt from the FLSA.

4. An employee is paid on a "salary basis" within the FLSA if the employee regularly receives a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.

5. Defendants' compensation policy fails the salary basis test because they reduce SC and SM compensation for missed days of work. Because Defendants' compensation policy fails the salary basis test, employees subject to it fall within the FLSA and must be paid premium pay for all overtime work performed.

6. Plaintiffs and all other similarly situated individuals regularly worked over forty hours per work week, but Defendants failed to pay them overtime premium pay for any of their overtime hours worked.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201 *et seq.* because this action involves a federal question under the FLSA.

8. Venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C §§ 1391(b)(2) and 1391(c) because Defendants operate in this district and because a substantial part of the events giving rise to the claim occurred in this district.

## PARTIES

9. Plaintiff Javier Vasquez ("Plaintiff Vasquez") is an adult resident of the City of San Antonio, County of Bexar, State of Texas, and worked as a Sales Consultant for Good Feet at the San Antonio and Austin, Texas retail stores from approximately June of 2014 to January of 2017. His job duties mainly consisted of interacting with Defendants' customers and selling Defendants' products. Plaintiff Vasquez regularly worked 40–50 hours per week and was paid a weekly salary of $450.00, which he only received if he worked five full days each week, and a 1-5% sales commission based on personal and store sales. Plaintiff Vasquez's weekly salary was reduced for missed days of work and half days. Plaintiff Vasquez did not receive overtime premium pay at any time during the statutory period.

10. Plaintiff Serena Ridino ("Plaintiff Ridino") is an adult resident of the City of San Antonio, County of Bexar, State of Texas, and worked as a Sales Manager for Good Feet at the San Antonio, Texas retail store from approximately September 2014 to October 2016. Her job duties mainly consisted of promoting sales, selling products to clients, running the day-to-day operations of the store, guiding and managing her team of employees, and training new employees. Plaintiff Ridino regularly worked 40-50 hours per week and was paid a weekly salary of $600.00, which she only received if she worked five full days each week, and a 2-4% sales commission based on personal and store sales. Plaintiff Ridino's weekly salary was reduced for missed days of work and half days. Plaintiff Ridino did not receive overtime premium pay at any time during the statutory period.

11. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals ("FLSA Collective") pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiffs and the

FLSA Collective were, or are, employed by Defendants as SCs and SMs across the United States during the applicable statutory period.

12. Plaintiffs and members of the FLSA Collective are current and former employees of Defendants within the meaning of the FLSA and were employed by Defendants within three years of the date this Complaint was filed. *See* 29 U.S.C. § 255(a).

13. Defendant Good Feet Worldwide, LLC, is a limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware, conducts business nationwide, and has a principal place of business located at 2270 Cosmos Court, Carlsbad, California 92011.

14. Defendant Supports for Sole, Inc., is a corporation duly organized and existing under and by virtue of the laws of the State of Wisconsin, conducts business nationwide, is a franchisee of Good Feet Worldwide, LLC, and has a principal place of business located at 600 West Virginia Street, Suite 202, Milwaukee, Wisconsin 53204.

15. Defendants manufacture and market pre-fabricated arch supports and foot cushions and own and operate arch support and foot cushion retail stores nationwide. Defendants employ SCs and SMs in at least 35 states throughout the United States. Defendants are, and at all relevant times hereto were, the employers of Plaintiffs and the FLSA Collective.

16. At all relevant times hereto, Defendants' gross annual sales made or business done has been in excess of $500,000.

17. At all relevant times hereto, Defendants are, and have been, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

18. Plaintiffs and members of the proposed FLSA Collective are individuals who were, or are, employed by Good Feet as SCs and SMs. SCs and SMs work in Good Feet's retail stores throughout the United States. Regardless of the retail store location in which an SC works, their primary job duty is non-exempt work: interacting with Good Feet's customers and selling Good Feet's products. Regardless of the retail store location in which an SM works, their primary job duty is non-exempt work: promoting sales, selling products to clients, running the day-to-day operations of the store, guiding and managing a team of employees, and training new employees.

19. Plaintiffs and members of the proposed FLSA Collective were or are paid on a salary and day-rate basis, plus commission, with no overtime pay for hours worked over forty (40) in a workweek.

20. Defendants suffered and permitted Plaintiffs and the members of the proposed FLSA Collective to work more than forty (40) hours in a workweek without overtime pay.

21. Defendants classified Plaintiffs and members of the of the proposed FLSA Collective as exempt from overtime compensation.

22. Defendants were aware, or should have been aware, that Plaintiffs and members of the proposed FLSA Collective performed non-exempt work that required payment of overtime compensation.

23. Defendants were aware, or should have been aware, that Plaintiffs and members of the proposed FLSA Collective fail the "salary basis test," which requires that an "employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a).

24. Defendants' compensation policy fails the salary basis test because they reduce SC and SM compensation for missed days of work. Consequently, SCs and SMs are considered non-exempt employees who performed non-exempt work that required payment of overtime compensation.

25. Defendants were also aware of the long hours worked by Plaintiffs and members of the proposed FLSA Collective. Plaintiffs, for example, typically worked five days a week, with shifts that were between nine and ten hours in length. Accordingly, for the weeks Plaintiffs worked, they typically worked at least forty-five (45) hours per week without overtime pay. Though SC and SMs' schedules may differ somewhat by location, SCs and SMs are uniformly expected to work more than forty hours in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiffs bring Count One on behalf of themselves and all other similarly situated individuals. The proposed FLSA Collective class is defined as follows:

> All persons who worked in the position of Sales Consultant or Sales Manager (or similar job position) for Good Feet Worldwide, LLC, and/or Supports for Sole, Inc., at any time in the three years prior to the filing of this Complaint.

27. Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiffs' signed consent forms are attached as Exhibit A.

28. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

29. As described in the preceding paragraphs, during the applicable statutory period, Plaintiffs and members of the proposed FLSA Collective routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

30. Defendants willfully engaged in a pattern of violating the FLSA by knowingly failing to pay its SCs and SMs overtime compensation and classifying them as exempt from FLSA overtime pay provisions despite knowing that their SCs and SMs were working in excess of forty hours in a workweek and were performing non-exempt work. Defendants' conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

31. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the FLSA Collective for overtime hours worked. Accordingly, notice of this action should be sent to the FLSA Collective. There are numerous other similarly situated current and former employees of Defendants who have suffered from Defendants' practices and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## CAUSE OF ACTION

### COUNT I

**VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938**
**29 U.S.C. § 201** *et seq.*
**Failure to Pay Overtime**
**(On behalf of Plaintiffs and the FLSA Collective)**

32. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding Paragraphs.

33. Section 207(a)(1) of the FLSA provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

34. As described in the preceding paragraphs, Defendants suffered and permitted Plaintiffs and the FLSA Collective to routinely work more than forty (40) hours a workweek without overtime compensation.

35. Plaintiffs and the FLSA Collective are not exempt from the overtime requirements of the FLSA. *See* 29 U.S.C. § 213.

36. Defendants' actions, policies, and practices as described throughout this Complaint violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs and the FLSA Collective at the required overtime rate.

37. As the direct and proximate result of Defendants' unlawful conduct, Plaintiffs and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

38. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). In committing the wrongful acts alleged to be in violation of the FLSA, Defendants acted willfully in that they knowingly, deliberately, and intentionally failed to pay overtime premium wages to Plaintiffs and other members of the FLSA Collective.

39. Therefore, Plaintiffs demand that they and the other members of the FLSA Collective be paid overtime compensation as required by the FLSA for every hour of overtime

worked in any work week for which they were not compensated, plus interest, damages, penalties, and attorneys' fees as provided by law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment against Defendants as follows:

- A. Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent forms;
- B. Judgment that Plaintiffs and those similarly situated are non-exempt employees entitled to protection under the FLSA;
- C. Judgment against Defendants for violation of the overtime provisions of the FLSA;
- D. Judgment that Defendants' violations of the FLSA were willful;
- E. An award to Plaintiffs and those similarly situated for the amount of unpaid overtime compensation owed, liquidated damages, and prejudgment interest on any unpaid overtime wages upon which liquidated damages were not assessed;
- F. An award of reasonable attorneys' fees and costs;
- G. Leave to add additional plaintiffs and/or state law claims by motion, by the filing of written consent forms, or by any other method approved by the Court; and

H. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

Dated: April 18, 2017

s/ *Shawn J. Wanta, by HDA*
BAILLON THOME JOZWIAK & WANTA LLP
Shawn J. Wanta*, MN Bar No. 0389164
Hans W. Lodge, MN Bar No. 0397012
100 South Fifth Street, Suite 1200
Minneapolis, MN 55402
Telephone: (612) 252-3570
Facsimile: (612) 252-3571
sjwanta@baillonthome.com
hlodge@baillonthome.com

GLEN D. MANGUM
Texas State Bar No. 12903700
315 E. Euclid
San Antonio, Texas 78212-4709
Telephone No. (210) 227-3666
Telecopier No. (210) 595-8340
E-mail: gmangum@sbcglobal.net

*Pro Hac Vice Motion Forthcoming*

*Attorneys for Named Plaintiffs and the Putative FLSA Collective*